**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**Chambers of**
**Stephanie A. Gallagher**
**United States District Judge**

**101 West Lombard Street**
**Baltimore, Maryland 21201**
**MDD_SAGChambers@mdd.uscourts.gov**
**(410) 962-7780**

September 14, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Sharron E. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. 25-2957-SAG

Dear Counsel:

On September 8, 2025, Plaintiff Sharron E. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. I have considered the record in this case (ECF No. 9) and the parties' briefs (ECF Nos. 13, 15 and 18). I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case for further consideration. This letter explains why.

## I. PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on June 27, 2022, alleging a disability onset of April 19, 2016. Tr. 18. Plaintiff's claims were denied initially and on reconsideration. Tr. 18. On August 20, 2024, an Administrative Law Judge ("ALJ") held a hearing. Tr. 15-31. Following the hearing, on September 23, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act, 42 U.S.C. §§ 301 et seq., during the relevant time frame. Tr. 27. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the

requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since June 27, 2022, the application date." Tr. 20. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "bipolar disorder, generalized anxiety disorder, posttraumatic stress disorder." Tr. 20. The ALJ also determined that Plaintiff suffered from the non-severe impairment of obesity. Tr. 20. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 21. The ALJ next determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can occasionally interact with coworkers and the public. She can maintain attention and concentration in two-hour increments to complete a workday and work week with any off-task time accommodated by normal breaks. She can perform nonproduction work with no rapid assembly line work with strict quotas. The claimant can understand and remember simple instructions and carry out simple tasks. She can make simple work-related decisions. The claimant can tolerate occasional changes in the routine work setting.

Tr. 22. At steps four and five, the ALJ determined that Plaintiff had no past relevant work, but could perform jobs that existed in significant numbers in the national economy such as day worker, linen room attendant, and laborer. Tr. 25-26. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 27.

## III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

Plaintiff raises four arguments on appeal. This opinion focuses on the second argument, specifically that the ALJ improperly evaluated the medical opinion of Kenneth Sharp, LCPC, by failing to properly evaluate the supportability and consistency factors of 20 C.F.R. § 416.920c(c)(1) & (2). ECF No.13 at 18-24.

Defendant argues that "Plaintiff's psychologist, Kenneth Sharp, LCPC, prepared a third-party function report," and that "[t]he ALJ explained that although the psychologist has the advantage of having personally observed Plaintiff's functional capacity during assessments, the medical evidence does not corroborate such significant limitations concerning basic functioning." ECF No. 15 at 16-17.

In reply, Plaintiff contends that Defendant's arguments are post-hoc rationalizations that the ALJ did not make, that the ALJ did not evaluate the provider's opinion in relation to the provider's findings, and that the ALJ erred in not comparing the opinions of three providers with each other. ECF No. 18 at 3-6.

When evaluating medical opinions in claims filed on or after March 27, 2017[1], an ALJ must, as the Fourth Circuit recently explained:

> "evaluate the persuasiveness" of that evidence by applying a five-factor test, 20 C.F.R. § 404.1520c(a); *see also id.* § 404.1520c(b)(2), (c). The factors are: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. *Id.* § 404.1520c(c)(1)-(5).
>
> Although the Social Security Administration must ultimately "stat[e] the ... reason or reasons upon which" its final decision "is based," 42 U.S.C. § 405(b)(1), an ALJ need not explain in detail how he "evaluate[d] the persuasiveness," 20 C.F.R. § 404.1520c(a), of each piece of evidence in the record. The ALJ only needs to say, for each "medical source" in the record, how each of the first two factors applies—that is, whether that source's conclusions are supportable by medical evidence and consistent with the rest of the record. *Id.* § 404.1520c(b)(1), -(2). An ALJ must consider all five factors, but need not discuss any save the first two unless those other factors are dispositive. *Id.* § 404.1520c(b)(3); *see* 42 U.S.C. § 405(b)(1).

*Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 604-05 (4th Cir. 2025); *see also Calhoun v. Comm'r of Soc. Sec.*, __ F.4th __, 2026 WL 2602326, at *4 (4th Cir. Sept. 3, 2026).

The relevant regulations define these first two factors as follows:

---

[1] *See Revisions to Rules Regarding the Evaluation of Medical Evidence,* 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017).

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1), -(2).

"Supportability is the degree to which a provider supports [his or her] opinion with relevant, objective medical evidence and explanation, and consistency is the degree to which a provider's opinion is consistent with the evidence of other medical and non-medical sources in the record." *Oakes v. Kijakazi*, 70 F.4th 207, 212 (4th Cir. 2023) (citing 20 C.F.R. § 404.1520c(c)(1)–(2)).

This Court has noted that supportability and consistency must be considered independently. *See Duane H. v. Kijakazi*, No. JMC-20-3673, 2021 WL 8314949, at *3 (D. Md. Dec. 29, 2021) (recognizing that to consider supportability "in conjunction with" consistency "would conflate the nuances of those factors."). This flows from their differing natures: "Supportability looks inward, asking how well a source's own 'objective medical evidence and supporting explanations' sustain its opinion. Consistency looks outward, asking how well that opinion accords with 'the evidence from other medical sources and nonmedical sources' in the record." *Calhoun*, 2026 WL 2602326, at *4 (citations omitted). Because of their independence, "[t]he two [inquiries] need not rise or fall together: A well-supported opinion may clash with the broader record, and a poorly supported one may fit it. But the inquiries can overlap. When an opinion's supporting explanation rests on the claimant's history, both inquiries will look to the record." *Id.*

Here, the ALJ's analysis of the opinion of Kenneth Sharp, LCPC, consists of the following:

> The claimant's psychologist Kenneth Sharp, LCPC completed a third-party function report identifying the claimant's functional limitations throughout the day. (Ex. B8E). While the claimant's psychologist may have the benefit of personally observing the claimant's functional capacity during assessments, the medical evidence does not support such severe limitations with regard to basic functioning.

Tr. 25.

The ALJ did not adequately articulate an evaluation of Mr. Sharp's opinion under either the supportability or consistency factors of 20 C.F.R. § 416.920c(c)(1) & (2). The ALJ states conclusions as to Mr. Sharp's opinion but does not offer any analysis. The ALJ does not identify portions of the record that are inconsistent with the opinion and explain how they are inconsistent,

nor does the ALJ explain how the opinion lacked support. Conclusory statements devoid of citation and analysis do not build a logical bridge between the evidence and the ALJ's conclusions and frustrate meaningful judicial review, requiring remand. "Without knowing the parts of the record the ALJ believed to be inconsistent with [the medical] opinion, it is impossible for the Court to determine whether the ALJ's finding is logically sound." *Judy L. v. Bisignano*, No. TJS-25-1771, 2026 WL 948960, at *3 (D. Md. Apr. 8, 2026) (finding the ALJ's "conclusory rationale" of the consistency factor "deficient" where the ALJ noted the medical opinion was "not fully consistent" with the record and claimant's self-reported activities, but said "nothing more" although the medical record exceeded 2,000 pages). "If the ALJ believes [the] opinion is inconsistent with the longitudinal evidence of record, the ALJ must explain how that is so…. The ALJ must specify which parts of the record are not consistent with [the] opinion so that the Court can review the ALJ's findings for substantial evidence." *Id.* at *4. .

Defendant contends that the ALJ "explained" that "the medical evidence does not corroborate such significant limitations concerning basic functioning" as are found in Mr. Sharp's report. ECF No. 15 at 16-17. The ALJ did not offer any explanation for the conclusion drawn. Rather, the ALJ broadly referred to an over 200-page record in three words, "the medical evidence," and then stated a bare conclusion, "does not support such severe limitations with regard to basic functioning," Tr. 25, with no analysis or explanation. The ALJ's conclusory statement does not contain sufficient analysis to meet the requirements of 20 C.F.R. § 416.920c(c). *See Jane W. v. Bisignano*, No. SAG-25-1963, 2026 WL 2568429, at *4 (D. Md. Aug. 31, 2026) (ALJ did not adequately articulate an evaluation of the provider's opinion where ALJ "broadly concluded" the provider's assessed limitations were inconsistent with other treatment records but did not sufficiently identify which evidence contradicted the provider); *see also Heather G. v. Bisignano*, No. DRM-24-3399, 2026 WL 381625, at *4 (D. Md. Feb. 11, 2026) (remanding where ALJ broadly cited to 130 pages of treatment notes and did not identify specific portions of the record that were "unsupportive of, or inconsistent with [the provider's] opinions, and this cursory analysis does not build a logical bridge between the evidence and the ALJ's conclusions and frustrates meaningful judicial review, requiring remand"). The ALJ did not provide either the information or explanation required.

On remand, the ALJ should explicitly and independently assess the supportability of Mr. Sharp's opinion pursuant to 20 C.F.R. § 416.920c(c)(1) and should articulate a consistency analysis under 20 C.F.R. § 416.920c(c)(2). The Court takes no position on what level of persuasiveness, if any, should attach to Mr. Sharp's opinion.

Because the case is being remanded on other grounds, the Court need not address Plaintiff's other arguments.[2] On remand, the ALJ is welcome to consider those arguments and make any

---

[2] Plaintiff's fourth argument similarly contends that the ALJ failed to properly evaluate the supportability and consistency factors analysis of a medical opinion by Samson Omotosho, Ph.D. Defendant argues that the ALJ found Dr. Omotosho's opinion "unpersuasive" because it was rendered on a check-box form with "little to no narrative explanation of citations to objective findings." ECF No. 15 at 15-16. While the ALJ's discussion of the check box opinion of Dr.

required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

**CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Stephanie A. Gallagher
United States District Judge

---

Omotosho was also cursory, check box opinions which provide no further explanation of their conclusions are frequently of marginal value. *Lasharne W. v. Bisignano*, No. CJC-25-2860, 2026 WL 2508298, at *4 (D. Md. Aug. 26, 2026); *Shayna R. v. Kijakazi*, No. BAH-21-1803, 2022 WL 1239876, at *3 (D. Md. Apr. 27, 2022) (collecting cases).